IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**GILBERT ROMERO,**

    **Plaintiff,**

v.                                                                                                   No. 11-cv-0994 JB/SMV

**CAROLYN COLVIN,**[1]
**Acting Comm'r of SSA,**

    **Defendant.**

**MAGISTRATE JUDGE'S**
**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on Plaintiff's Motion to Remand or Reverse [Doc. 22] and supporting brief [Doc. 23] (collectively, "MRR"), filed on October 17, 2012. The Commissioner responded on December 20, 2012. [Doc. 24]. Plaintiff replied on January 14, 2013. [Doc. 27]. On March 12, 2013, the Court referred the case to the undersigned for analysis and recommended disposition. [Doc. 30]. Having meticulously reviewed the entire record and being fully advised in the premises, I find that the Administrative Law Judge ("ALJ") failed to apply the correct legal standards in evaluating the treating physician's opinion. I, therefore, recommend that the MRR be granted and that the case be remanded for further proceedings.

**I.**     **Standard of Review**

The standard of review in a Social Security appeal is whether the Commissioner's final decision[2] is supported by substantial evidence and whether the correct legal standards were

---

[1] On February 14, 2013, Carolyn Colvin became the Acting Commissioner of Social Security and will, therefore, be substituted for Commissioner Michael J. Astrue as Defendant in this action. *See* Fed. R. Civ. P. 25(d)(1) (permitting such substitutions).

applied.  *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008).  If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief.  *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004).  "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal."  *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks omitted).  Courts must meticulously review the entire record, but may neither reweigh the evidence nor substitute their judgment for that of the Commissioner.  *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Langley*, 373 F.3d at 1118.  The decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it."  *Id.*  While a court may not reweigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the [Commissioner]'s findings in order to determine if the substantiality test has been met."  *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence."  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. FAA*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

---

[2] A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. § 404.981.  This case fits the general framework, and therefore, I review the ALJ's decision as the Commissioner's final decision.

## II. Applicable Law and Sequential Evaluation Process

In order to qualify for disability benefits, a claimant must establish that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 405.1505(a).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process. 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the evaluation process, the claimant must show: (1) he is not engaged in "substantial gainful activity;" *and* (2) he has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) his impairment(s) either meet or equal one of the Listings[3] of presumptively disabling impairments; *or* (4) he is unable to perform his "past relevant work." 20 C.F.R. § 404.1520(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261. If he cannot show that his impairment meets or equals a Listing, but he proves that he is unable to perform his "past relevant work," the burden of proof then shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the national economy, considering his residual functional capacity ("RFC"), age, education, and work experience. *Id.*

---

[3] 20 C.F.R. pt. 404, subpt. P, app. 1.

3

### III.     Procedural Background

Plaintiff applied for a period of disability and disability insurance benefits on October 26, 2009.  Tr. 11.  Plaintiff alleged a disability onset date of January 15, 2007.  *Id.*  His claim was denied initially and on reconsideration.  *Id.*  Plaintiff requested a hearing before an ALJ.  *Id.*  ALJ Ann Farris held a hearing on May 23, 2011, in Albuquerque, New Mexico.  *Id.*  Plaintiff and his attorney, Helen Laura López, appeared by video conference from Santa Fe, New Mexico.  Tr. 11, 22–24.  The ALJ took testimony from Plaintiff and an impartial vocational expert ("VE"), Pamela Bowman, who appeared in Albuquerque.  Tr. 11, 25, 29–47.  She also considered the evidence of record, which included, among other things, a Mental Residual Functional Capacity Assessment completed by Plaintiff's treating psychiatrist, Margaret Conolly, M.D., on May 19, 2011.  *See* Tr. 322–324; [Doc. 24] at 7 (Commissioner referring to Dr. Conolly as Plaintiff's treating physician).

The ALJ issued her unfavorable decision on July 8, 2011.  Tr. 11–21.  At step one, she found that Plaintiff had not engaged in substantial, gainful activity since January 15, 2007, the alleged onset date.  Tr. 13.  Next, at step two, she found that Plaintiff suffered from the following severe impairments:  depression, cognitive dysfunction, and degenerative disc disease of the cervical and lumbar spine.  *Id.*

At step three, she found that none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing.  Tr. 14.  In making that determination, she specifically evaluated Plaintiff's activities of daily living ("ADLs"); social functioning; concentration, persistence, or pace; and episodes of decompensation.  Tr. 14–15; *see* 20 C.F.R. pt. 404,

subpt. P, app. 1, §§ 12.04(b).  These areas of functioning are referred to as the "B criteria" because they are contained in paragraph B of many Listings related to mental disorders.  *See* 20 C.F.R. pt. 404, subpt. P, app. 1, §§ 12.01–12.10.  Although Dr. Conolly had assessed Plaintiff with marked restrictions in some areas of functioning, Tr. 322–24, the ALJ determined that Plaintiff had mild restrictions in his ADLs; moderate difficulties in social functioning and in concentration, persistence, or pace; and had experienced no episodes of decompensation of extended duration, Tr. 14–15.  The ALJ's decision gives no indication that she considered Dr. Conolly's opinion in making the B-criteria determination. *See* Tr. 14–15.

Because none of Plaintiff's impairments met a Listing, the ALJ went on to assess Plaintiff's RFC.  Tr. 15–19.

> [Plaintiff has] the [RFC] to perform medium work as defined in 20 [C.F.R. §] 404.1567(c) except he can make only simple work-related decisions with few workplace changes; and only occasional and superficial interaction with the public and co-workers.

Tr. 15.  In making her RFC assessment, the ALJ explained that she accorded "little weight" to Dr. Conolly's opinion because it was not supported by the evidence of record.  Tr. 18.

At step four, the ALJ found that Plaintiff was not able to perform any of his past relevant work.  Tr. 19.  Accordingly, she proceeded to step five, where she relied on testimony by the VE to find that based on Plaintiff's age, education, work experience, and RFC, he was capable of performing other jobs that exist in significant numbers in the national economy.  Tr. 20.

Ultimately, the ALJ found that Plaintiff was not disabled as defined by the Social Security Act, and she denied the claim.  Tr. 20–21.  The Appeals Council denied Plaintiff's

request for review on September 14, 2011.  Tr. 1−3.  Plaintiff timely filed the instant action on November 9, 2011.  [Doc. 1].

### IV.   Analysis

Plaintiff makes several arguments.  Some are persuasive, others are not.  I address them in order of analytical convenience.  First, and central to my findings and recommendations, the ALJ failed to apply the correct legal standards in evaluating the opinion of the treating physician, Dr. Conolly.  Accordingly, the ALJ erred when she failed to consider Dr. Conolly's opinion at step three.  Second, Plaintiff's argument that the ALJ erred in failing to "explicitly mention" that the burden at step five belongs to the Commissioner is without merit.  Finally, Plaintiff's arguments regarding the RFC's accounting for his B-criteria limitations are unpersuasive.

#### A.  The ALJ failed to apply the correct legal standards in evaluating Dr. Conolly's opinion.

Plaintiff contends that the ALJ failed to apply the correct legal standards in evaluating Dr. Conolly's opinion, [Doc. 23] at 9–11, and that the ALJ's rejection of Dr. Conolly's opinion is not supported by substantial evidence, *id.* at 11–14.  Similarly, Plaintiff argues that the ALJ erred in failing to discuss Dr. Conolly's opinion as it bore on the evaluation of Plaintiff's B-criteria at step three.  *Id.* at 6–8.  The Commissioner argues that the ALJ properly gave Dr. Conolly's opinion little weight because it conflicted with the evidence, including Plaintiff's own testimony.  [Doc. 24] at 8.  Additionally, she argues that Dr. Conolly's report is not applicable to step three—rather, it is only applicable to step four—and besides, it "in no way supports Plaintiff's step[-]three claim," *id.* at 4–5.  Lastly, the Commissioner argues that any

error at step three is harmless because the ALJ's analyses are sound at steps four and five. *Id.* at 6 (citing *Fischer-Ross v. Barnhart*, 431 F.3d 729, 735 (10th Cir. 2005)). Plaintiff is correct, and remand is warranted.

Social Security regulations require that, in determining disability, the opinions of treating physicians be given controlling weight when those opinions are well-supported by the medical evidence and are consistent with the record. 20 C.F.R. § 404.1527(c)(2). This is known as the "treating physician rule." *Langley*, 373 F.3d at 1119. The idea is that a treating physician provides a "unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations," and therefore, a treating physician's opinion merits controlling weight. *Doyal v. Barnhart*, 331 F.3d 758, 762 (10th Cir. 2003).

Treating physician opinions—in order to receive controlling weight—must be both supported by medical evidence and consistent with the record. If not, the opinions may not merit controlling weight but still must be given deference and must be weighed using the following six factors:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003); *see* 20 C.F.R. § 404.1527(c). However, not every factor is applicable in every case, nor should all six factors be seen as absolutely necessary. What is absolutely necessary, though, is that the ALJ give good reasons—reasons that are "sufficiently specific to [be] clear to any subsequent reviewers"—for the weight that she ultimately assigns to the opinions. *Langley*, 373 F.3d at 1119; see 20 C.F.R. § 404.1527(c)(2); *Branum v. Barnhart*, 385 F.3d 1268, 1275 (10th Cir. 2004).

In sum, when properly rejecting a treating physician's opinion, an ALJ must follow two steps. First, the ALJ must find that the opinion (a) is not supported by medical evidence and/or (b) is not consistent with the record. Second, the ALJ must still give deference to the opinion and weigh it according to the factors listed above. Like all findings, an ALJ's findings in these two steps must be supported by substantial evidence.

Here, the ALJ failed to follow the second step. Although the ALJ found that Dr. Conolly's opinion was "without substantial support from other evidence of record," Tr. 18, which satisfies the first step, the ALJ failed to proceed to the second step. The ALJ did not give deference to the opinion and did not weigh it according to any of the *Watkins* factors. The Commissioner focuses on Plaintiff's alleged failure at step three to show that he met a Listing. [Doc. 24] at 4–5. However, this is beside the point. Plaintiff does not argue that he meets a Listing. *See* [Doc. 23] at 9–11. Rather he argues that the ALJ failed to apply the correct legal standards in evaluating his treating physician's opinion, *id.*, and Plaintiff is correct.

I reject the Commissioner's argument that Dr. Conolly's opinion is not relevant to the step-three analysis. She cites no authority on point, *see* [Doc. 24] at 4–5 (citing 20 C.F.R.

§ 404.1520a(d)(1) (regulation explaining how mental impairment is determined to be not severe at step *two*, which does not address the treating-physician rule's application to step *three*)), and I can find none. In fact, the opinions of treating physicians are regularly—and properly—considered at step three. *E.g., Drapeau v. Halter*, No. 00-4074, 10 F. App'x 657, 661 (10th Cir. Mar. 22, 2001) (unpublished) (applying the treating-physician rule to step three); *see generally* Social Security Ruling ("SSR") 96-2p (making no distinction between considering treating-physician opinions at certain steps but not others).

Finally, I reject the Commissioner's argument that any error at step three is harmless because the analysis at step four or five is supported and reviewable. *See* [Doc. 24] at 6 (citing *Fischer-Ross*, 431 F.3d at 735). It is true that "where [an] ALJ's factually substantiated findings at steps four and five of the evaluation process alleviates *any* concern that a claimant might have been adjudged disabled at step three[,]" remand may not be warranted. *Id.* at 730. After all, "if no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way," *id.* at 733–34, there would be no reason to waste further resource and prolong the proceedings by remanding the case. *Fisher-Ross* is not applicable here because a reasonable factfinder, properly considering Dr. Conolly's opinion, could resolve the factual issues differently.

### B. Plaintiff fails to show reversible error in the ALJ's explanation of the burden at step five.

Plaintiff argues that the ALJ incorrectly described the burden of proof at step five. The ALJ described the burden as follows:

9

> Although the claimant generally continues to have the burden of proving disability at [step five], a limited burden of proof going forward with the evidence shifts to the Social Security Administration. In order to support a finding that an individual is not disabled at this step, the Social Security Administration is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the claimant can do, given the residual functional capacity, age, education, and work experience (20 [C.F.R. §§] 404.1512(g) and 404.1560(c)).

Tr. 13. Plaintiff insists that this description is incorrect because, in fact, claimants have *no burden at all* at step five. [Doc. 23] at 8–9; [Doc. 27] at 6–7. He concludes that "a correct appreciation of the burden of proof may well have 'tweaked' the decision in Plaintiff's favor." [Doc. 27] at 7; *see* [Doc. 23] at 9 ("[The correct burden of proof] may well have affected [the ALJ's] decision here."). I am not persuaded.

Even if Plaintiff were correct, and even if the ALJ's description of the step-five burden were inaccurate—which I do not necessarily find—Plaintiff does not explain how such an error affected the ALJ's decision. Instead, he speculates, generally, that the alleged error "may" have prejudiced him. He offers nothing more. Because Plaintiff fails to argue—much less show— that the ALJ failed to *apply* the correct legal standard at step five, remand is not warranted on this issue. *See Maes*, 522 F.3d at 1096 (remand is warranted where an ALJ *applies* the incorrect legal standards).

### C. Plaintiff fails to show that the RFC did not adequately reflect the B-criteria limitations.

Plaintiff argues that the limitations found by the ALJ in her evaluation of the B criteria were not adequately reflected in the RFC. [Doc. 23] at 14–16. Specifically, the ALJ found that

Plaintiff had mild restrictions in his ADLs and moderate difficulties in social functioning and in concentration, persistence, or pace. Tr. 14–15. In the RFC, the ALJ went on to limit Plaintiff to "simple work-related decisions with few workplace changes; and only occasional and superficial interaction with the public and co-workers." Tr. 15. Plaintiff argues that the RFC "fails to mention the problem with concentration, persistence and [sic] pace." [Doc. 23] at 15, 16. Specifically, he argues that "'simple decisions' with 'few workplace changes' does not relate to concentration, persistence and [sic] pace." *Id.* at 16. The Commissioner disagrees. [Doc. 24] at 13–15. Neither party cites helpful authority on the issue. At this stage of the proceedings, the burden is on Plaintiff to show that remand is proper. *See Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711 (10th Cir. 1988). Plaintiff has not met his burden to show that the RFC—and, consequently, the hypothetical posed to the VE—did not account for his B-criteria limitations. Accordingly, remand is not warranted.

In his Reply, Plaintiff presents a new argument. Rather than focusing on whether the B-criteria limitations were adequately reflected in the RFC, he argues that "the case should be remanded for updated medical records from Dr. Conolly to complete the record." [Doc. 27] at 12 (citing[4] *Chapo v. Astrue*, 682 F.3d 1285, 1292–93 (10th Cir. 2012)). I am not persuaded that remand is warranted for "updated medical records."

Certainly, administrative social security hearings are non-adversarial, and therefore, the ALJ is responsible for developing an adequate record on the issues raised. *Maes*, 522 F.3d at 1096. If pertinent and available medical records come to the ALJ's attention during the

---

[4] Plaintiff's Reply does not actually give the case citation to *Chapo*. Rather, it simply refers to "*Chapo, supra.*" [Doc. 27] at 9 n.10 and 12. Because the quotations in the Reply seem to correspond to *Chapo v. Astrue*, 682 F.3d 1285, 1292–93 (10th Cir. 2012)). I assume the cases are one and the same.

11

course of the hearing, she must obtain them. *Id.* "Although the ALJ has the duty to develop the record, such a duty does not permit a claimant, through counsel, to rest on the record . . . and later fault the ALJ for not performing a more exhaustive investigation." *Id.* at 1097. Here, Plaintiff was represented by licensed attorney Helen Laura López at the hearing. Tr. 22. Through Ms. López, Plaintiff indicated that he had no objections to the medical evidence on the record as it stood before the ALJ. Tr. 26. Additionally, it does not appear that Plaintiff attempted to submit any updated medical records to the Appeals Council. *See* Tr. 2–8. Because Plaintiff, through counsel, did not object to the record or attempt to supplement it, and because, here, he fails to explain why the record is incomplete, his argument should fail.[5]

## V. Conclusion

Remand is necessary for proper consideration of Dr. Conolly's opinion, including at step three. Plaintiff's other arguments for remand are unavailing. Even if the ALJ incorrectly described the burden at step five, as Plaintiff argued, he failed to show that the ALJ *misapplied* the burden. Similarly, Plaintiff failed to show that the RFC did not adequately account for the B-criteria limitations.

**IT IS THEREFORE RESPECTFULLY RECOMMENDED** that Plaintiff's Motion to Remand or Reverse [Doc. 22] be **GRANTED,** that the Commissioner's final decision be **REVERSED**, and this case be **REMANDED** for further proceedings in accordance with this opinion.

---

[5] Plaintiff also complains that the ALJ's decision showed "meanness," but he acknowledges that remand is "not necessary" on this ground. [Doc. 23] at 16–17. Therefore, I decline to address that argument.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**