## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

GILBERT ROMERO,

     Plaintiff,

vs.                                        No. CIV 11-0994 JB/SMV

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION,

     Defendant.

### MEMORANDUM OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition, filed September 18, 2013 (Doc. 31)("PFRD").  In the PFRD, the Honorable Stephan M. Vidmar, United States Magistrate Judge, recommended granting the Plaintiff's Motion to Remand or Reverse, filed October 17, 2012 (Doc. 22)("Motion").  No party has filed objections to the PFRD, and the deadline for filing objections has passed.[1]  The Court has determined that it will adopt the PFRD; grant Plaintiff Gilbert Romero's Motion; and enter a judgment remanding the case to Defendant Commissioner of the Social Security Administration for further proceedings consistent with the PFRD.

---

[1]  Although the docket sheet says that objections were due by October 7, 2013, the original objections deadline was October 2, 2013.  See PFRD at 13.  Because, however, of the federal government shutdown, the objections period was stayed from October 1, 2013, "until the government shutdown has ended plus an additional ten working days thereafter."   Order Granting Stay, filed October 16, 2013 (Doc. 34).  Because the shutdown ended on October 17, 2013, the objections period ended on October 31, 2013, ten working days later.

## LAW REGARDING OBJECTIONS TO PROPOSED FINDINGS
## <u>AND RECOMMENDATIONS</u>

District courts may refer dispositive motions to a magistrate judge for a recommended disposition. <u>See</u> Fed. R. Civ. P. 72(b)(1) ("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense . . . ."). Rule 72(b)(2) governs objections: "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Finally, when resolving objections to a magistrate judge's proposal, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(c).

"'The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute.'" <u>United States v. One Parcel of Real Property, With Buildings, Appurtenances, Improvements, and Contents</u>, 73 F.3d 1057, 1059 (10th Cir. 1996)("<u>One Parcel</u>")(quoting <u>Thomas v. Arn</u>, 474 U.S. 140, 147 (1985)). As the Tenth Circuit has noted, "the filing of objections advances the

interests that underlie the Magistrate's Act, including judicial efficiency."  One Parcel, 73 F.3d at

1059 (citing United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

The Tenth Circuit has held "that a party's objections to the magistrate judge's report and

recommendation must be both timely and specific to preserve an issue for de novo review by the

district court or for appellate review."  One Parcel, 73 F.3d at 1060.  "To further advance the

policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, ha[s]

adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the

magistrate's findings or recommendations waives appellate review of both factual and legal

questions.'"  One Parcel, 73 F.3d at 1059 (citations omitted).  In addition to requiring specificity

in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to

the magistrate judge's recommendation are deemed waived."  Marshall v. Chater, 75 F.3d 1421,

1426 (10th Cir. 1996).  See United States v. Garfinkle, 261 F.3d 1030, 1030-31 (10th Cir.

2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's

report are deemed waived.").  In an unpublished opinion, the Tenth Circuit stated that "the

district court correctly held that [a petitioner] had waived [an] argument by failing to raise it

before the magistrate."  Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir.

2007)(unpublished).[2]

---

[2]  Pevehouse v. Scibana is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it.  See 10th Cir. R. 32.1(A) ("Unpublished opinions are not precedential, but may be cited for their persuasive value.").  The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

In <u>One Parcel</u>, the Tenth Circuit, in accord with courts of appeals, expanded the waiver

rule to cover objections that are timely but too general.  See <u>One Parcel</u>, 73 F.3d at 1060. The

Supreme Court of the United States -- in the course of approving the United States Court of

Appeals for the Sixth Circuit's use of this waiver rule -- noted:

> It does not appear that Congress intended to require district court review of a
> magistrate's factual or legal conclusions, under a de novo or any other standard,
> when neither party objects to those findings. The House and Senate Reports
> accompanying the 1976 amendments do not expressly consider what sort of
> review the district court should perform when no party objects to the magistrate's
> report. See S. Rep. No. 94-625, pp. 9-10 (1976)(hereafter Senate Report); H.R.
> Rep. No. 94-1609, p. 11 (1976), U.S. Code Cong. & Admin. News 1976, p. 6162
> (hereafter House Report).  There is nothing in those Reports, however, that
> demonstrates an intent to require the district court to give any more consideration
> to the magistrate's report than the court considers appropriate. Moreover, the
> Subcommittee that drafted and held hearings on the 1976 amendments had before
> it the guidelines of the Administrative Office of the United States Courts
> concerning the efficient use of magistrates. Those guidelines recommended to the
> district courts that "[w]here a magistrate makes a finding or ruling on a motion or
> an issue, his determination should become that of the district court, unless specific
> objection is filed within a reasonable time." See Jurisdiction of United States
> Magistrates, Hearings on S. 1283 before the Subcommittee on Improvements in
> Judicial Machinery of the Senate Committee on the Judiciary, 94th Cong., 1st
> Sess., 24 (1975)(emphasis added)(hereafter Senate Hearings). The Committee
> also heard Judge Metzner of the Southern District of New York, the chairman of a
> Judicial Conference Committee on the administration of the magistrate system,
> testify that he personally followed that practice.  See id. at 11 ("If any objections
> come in, . . . I review [the record] and decide it.  If no objections come in, I
> merely sign the magistrate's order"). The Judicial Conference of the United
> States, which supported the de novo standard of review eventually incorporated in
> § 636(b)(1)(c), opined that in most instances no party would object to the
> magistrate's recommendation, and the litigation would terminate with the judge's
> adoption of the magistrate's report. See Senate Hearings, at 35, 37. Congress
> apparently assumed, therefore, that any party who was dissatisfied for any reason
> with the magistrate's report would file objections, and those objections would
> trigger district court review. There is no indication that Congress, in enacting
> § 636(b)(1)(c), intended to require a district judge to review a magistrate's report
> to which no objections are filed. It did not preclude treating the failure to object as
> a procedural default, waiving the right to further consideration of any sort. We

---

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005)(citations omitted).  The Court
finds that <u>Pevehouse v. Scibana</u> has persuasive value with respect to material issues, and will
assist the Court in its disposition of this Memorandum Opinion and Order.

thus find nothing in the statute or the legislative history that convinces us that Congress intended to forbid a rule such as the one adopted by the Sixth Circuit.

Thomas v. Arn, 474 U.S. at 151-52 (footnotes omitted).

The Tenth Circuit has noted, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'" One Parcel, 73 F.3d at 1060 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations.")(citations omitted). Cf. Thomas v. Arn, 474 U.S. at 154 (noting that, while "[a]ny party that desires plenary consideration by the Article III judge of any issue need only ask," a failure to object "does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard"). In One Parcel, the Tenth Circuit noted that the district judge had decided sua sponte to conduct a de novo review despite the lack of specificity in the objections, but the Tenth Circuit held that it would deem the issues waived on appeal, because it would advance the interests underlying the waiver rule. See 73 F.3d at 1060-61 (citing cases from other circuits where district court elected to address merits despite potential application of waiver rule, but circuit court opted to enforce waiver rule).

Where no party objects to the magistrate judge's proposed findings and recommended disposition, the Court has, as a matter of course in the past and in the interests of justice, reviewed the magistrate judge's recommendations. In Workheiser v. City of Clovis, No. CIV 12-0485 JB/GBW, 2012 WL 6846401 (D.N.M. Dec. 28, 2012)(Browning, J.), where the plaintiff failed to respond to the magistrate judge's proposed findings and recommended disposition, although the Court determined that the plaintiff "has waived his opportunity for the Court to conduct review of the factual and legal findings in the [proposed findings and recommended

disposition]," the Court nevertheless conducted such a review.  2012 WL 6846401, at *3.  The Court generally does not, however, review the magistrate judge's proposed findings and recommended disposition de novo, and determine independently necessarily what it would do if the issues had come before the Court first, but rather adopts the proposed findings and recommended disposition where "[t]he Court cannot say that the Magistrate Judge's recommendation . . . is clearly erroneous, arbitrary, [obviously][3] contrary to law, or an abuse of discretion." Workheiser v. City of Clovis, 2012 WL 6846401, at *3. This review, which is deferential to the magistrate judge's work when there is no objection, nonetheless provides some review in the interest of justice, and seems more consistent with the intent of the waiver rule than no review at all or a full-fledged review.  Accordingly, the Court considers this standard of review appropriate. See Thomas v. Arn, 474 U.S. at 151 ("There is nothing in those Reports,

---

[3] The Court previously used as the standard for review when a party does not object to the magistrate judge's proposed findings and recommended disposition whether the recommendation was "clearly erroneous, arbitrary, contrary to law, or an abuse of discretion," thus omitting "obviously" in front of contrary to law.  Solomon v. Holder, CIV 12-1039 JB/LAM, 2013 WL 499300, at *4 (D.N.M. Jan. 31, 2013)(Browning J.)(adopting the recommendation to which there was no objection, stating: "The Court determines that the PFRD is not clearly erroneous, arbitrary, contrary to law, or an abuse of discretion, and accordingly adopts the recommendations therein"); O'Neill v. Jaramillo, CIV 11-0858 JB/GBW, 2013 WL 499521 (D.N.M. Jan. 31, 2013)(Browning, J.)("Having reviewed the PRFD [sic] under that standard, the Court cannot say that the Magistrate Judge's recommendation is clearly erroneous, arbitrary, contrary to law, or an abuse of discretion.  The Court thus adopts Judge Wormuth's PFRD.")(citing Workheiser v. City of Clovis, 2012 WL 6846401, at *3); Galloway v. JP Morgan Chase & Co., CIV 12-0625 JB/RHS, 2013 WL 503744 (D.N.M. Jan. 31, 2013)(Browning, J.)(adopting the magistrate judge's recommendations upon determining that they were not "clearly contrary to law, or an abuse of discretion.").  The Court does not believe that "contrary to law" reflects well the deferential standard of review that the Court intends to use when there is no objection.  Finding that a magistrate judge's recommendation is contrary to law would require the Court to analyze the magistrate judge's application of law to the facts or the magistrate judge's delineation of the facts -- in other words performing a de novo review, which is required only when a party objects to the recommendations.  The Court believes adding "obviously" reflects better that the Court is not performing a de novo review of the magistrate judges' recommendations.  Going forward, therefore, the Court will review magistrate judges' recommendations to which there are no objections for whether the recommendations are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.

however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate."). The Court is reluctant to have no review at all if its name is going to go at the bottom of the order adopting the magistrate judge's proposed findings and recommendations.

## ANALYSIS

The Court has carefully reviewed the PFRD's proposed findings and recommendation, and Romero's Motion.  As the parties have not objected to the PFRD, the Court did not perform a de novo review.  The Court rather reviewed Judge Vidmar's findings and recommendations to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.  The Court determines that they are not and will therefore adopt the PFRD.

**IT IS ORDERED** that: (i) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed September 18, 2013 (Doc. 31)("PFRD"), is adopted; (ii) the Plaintiff's Motion to Remand or Reverse, filed October 17, 2012 (Doc. 22), is granted; (iii) the case is remanded to Defendant Commissioner of the Social Security Administration for further proceedings consistent with the PFRD; and (iv) final judgment be entered concurrently with this order.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Helen Laura Lopez
Santa Fe, New Mexico

     *Attorney for the Plaintiff*

Kenneth J. Gonzales
  United States Attorney
Manuel Lucero
  Assistant United States Attorney
Albuquerque, New Mexico

--and--

Linda Hicks Green
  Special Assistant United States Attorney
Social Security Administration
Dallas, Texas

     *Attorneys for the Defendant*