IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GILBERT ROMERO,

    Plaintiff,

v.                                                                              No. 11-cv-0994 JB/SMV

CAROLYN COLVIN,[1]
Acting Comm'r of SSA,

    Defendant.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED
DISPOSITION TO GRANT IN PART AND DENY IN PART
PLAINTIFF'S MOTION FOR EAJA FEES**

THIS MATTER is before the Court on Plaintiff's two motions for attorney fees under the Equal Access to Justice Act ("EAJA") [Docs. 37, 42], filed on January 20, 2014, and February 14, 2014, respectively. The Commissioner responded in opposition to the first motion on February 5, 2014. [Doc. 38]. Plaintiff replied on February 12, 2014, [Doc. 41], and also filed a second motion for EAJA fees on the same day, [Doc. 42]. On March 12, 2013, the Court referred the case to the undersigned for analysis and recommended disposition. [Doc. 30].

In the first motion, Plaintiff's counsel seeks $9,675.95 for 52.55 hours of work at rates between $181 and $185 per hour. [Doc. 37-1] at 4. The Commissioner responds that the number of hours billed is excessive considering the nature of Plaintiff's briefing and considering that some of some of the work was clerical. [Doc. 38]. Plaintiff replies that some of the Commissioner's response brief was itself wasteful, and he files a second motion asking

---

[1] On February 14, 2013, Carolyn Colvin became the Acting Commissioner of Social Security and will, therefore, be substituted for Commissioner Michael J. Astrue as Defendant in this action. *See* Fed. R. Civ. P. 25(d)(1) (permitting such substitutions).

for an additional $878.75 for 4.75 hours of work in replying to the first EAJA-fees motion and in preparing the second fees motion. [Doc. 42-1] at 1. Having reviewed the briefs, the applicable case law, and being otherwise fully advised in the premises, I find that (1) the first Motion seeks attorney fees for clerical work, and (2) the hours expended by Plaintiff's counsel were excessive. I will recommend, therefore, that the Motions be granted in part and denied in part, and that, in total, Plaintiff be awarded $6,087.40 in attorney fees.[2]

## I.  Standard of Review

The EAJA provides for an award of attorney fees to a plaintiff when: (1) he is a prevailing party, (2) the position of the United States was not substantially justified, and (3) no special circumstances would make the award unjust. 28 U.S.C. § 2412(d)(1)(A); *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007). However, the fees should be "reasonable." *Comm'r, INS v. Jean*, 496 U.S. 154, 161 (1990); *Hackett*, 475 F.3d at 1168. "[O]nce the determination has been made that the government's position was not substantially justified, then the court should determine what fee is merited for all aspects of the litigation that deal with creating a benefit to the claimant." *Gallaway v. Astrue*, Nos. 08-5080, 08-5082, 297 F. App'x

---

[2] As explained further *infra*, I recommend reducing the requested award in the first fees motion [Doc. 37] as follows:
$9,675.95     for  52.55 hours (requested)
<$432.15>  =  <2.35 hours> (for clerical work)           x   various hourly rates. *See* chart, p. 6, *infra*.
<$1,306.40> = <7.1 hours> (as excessive in the brief-in-chief)  x   $184/hr
<$2,220.00> = <12.0 hours> (as excessive in the reply)   x   $185/hr
$5,717.40     for  31.1 hours (recommended)
   I recommend reducing the requested award in the second fees motion [Doc. 42] as follows:
$878.75       for  4.75 hours (requested)
<$508.75>  =  <2.75 hours> (as excessive)                x   $185/hr
$370.00       for  2.0 hours (recommended)
   In total, after reductions for clerical work and for excessive billing, I recommend that Plaintiff be awarded $6,087.40 in fees for 33.1 hours of work ($5,717.40 for 31.1 hours as requested in the first motion for fees and $370 for 2 hours as requested in the second motion for fees).

807, 809, 2008 WL 4726236 at *2 (10th Cir. Oct. 28, 2008) (unpublished) (citing *Jean*, 496 U.S. at 161). Determining the reasonableness of the number of hours billed lies within the Court's discretion. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (interpreting attorney-fees request under 42 U.S.C. § 1988); *see also Jean*, 496 U.S. at 161 (explaining that once a litigant has established eligibility for fees under the EAJA, "the district court's task of determining what fee is reasonable is essentially the same as that described in *Hensley*.").

## II. Analysis

Plaintiff's motions for EAJA fees should be granted in part. However, the amounts requested should be reduced. No award is appropriate for clerical work. Accordingly, the amount requested in the first fees motion—$9,675.95 for 52.55 hours—should be reduced by $432.15 for 2.35 hours of clerical work. The amount requested in the first fees motion should be further reduced by $1,306.40 for 7.1 hours excessively billed for the underlying brief-in-chief, and it should be reduced again by $2,220 for 12.0 hours excessively billed for the underlying reply brief. Finally, the amount requested in the second fees motion—$878.75 for 4.75 hours—should be reduced by $508.75 for 2.75 hours excessively billed for the reply to the first fees motion. After these reductions, Plaintiff should be awarded $6,087.40 in *reasonable* attorney fees.

### A. Clerical Work

Anticipating that the Commissioner might object to Plaintiff's request for attorney fees for clerical work, Plaintiff's counsel—without citing any authority whatsoever—argues that she

should be compensated at the attorney rate for clerical work.[3]  [Doc. 37] at 1–2.  The Commissioner disagrees and cites several cases holding that clerical work is not compensable at all under the EAJA.  [Doc. 38] at 6–8.  Plaintiff's counsel replies that she should be paid for all of her work.  [Doc. 41].  She argues that downloading and organizing the transcript is part of her legal work.  *Id.* at 4.  She further contends that preparing and filing a notice of completion of briefing "is lawyer's work" and should be billable under EAJA.  *Id.*  However, she cites no authority for the proposition that clerical work should be compensated under EAJA, nor any authority for the proposition that downloading and organizing documents or preparing and filing a notice of completion of briefing are legal and not clerical work.  *See id.*

The EAJA provides for the award of "fees and other expenses, in addition to any costs awarded pursuant to subsection (a)."  28 U.S.C. § 2412(d)(1)(A).  The United States Supreme Court has held that paralegal services are compensable under EAJA.  *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 573, 577 n.3 (2008).  Purely clerical work and overhead expenses, however, are not covered paralegal services and are *not* compensable under EAJA.  *Dalles Irrigation Dist. v. United States*, 91 Fed. Cl. 689, 708 (2010) ("[T]he filing of pleadings is

---

[3] Plaintiff's counsel, Ms. López, fails to disclose that this argument has never been successful in this district. Despite her duty of candor to the Court, it appears that Ms. López may have "fail[ed] to disclose to the tribunal legal authority in the controlling jurisdiction known to [her] to be directly adverse to the position of the client and not disclosed by opposing counsel[.]" Rule 16-303 NMRA (incorporated by D.N.M.LR-Civ. 83.9). In this district, apparently in every case in which the Commissioner has objected to Ms. López's request for EAJA fees at an attorney rate for clerical work, Ms. López has lost the argument. *Barela v. Astrue*, No. 09-cv-0259 LAM, [Doc. 18] at 4–5 (D.N.M. May 26, 2010); *Rodriguez v. Astrue*, No. 12-cv-0272 ACT, [Doc. 26] at 4 (D.N.M. Jan. 14, 2014); *Perea v. Colvin*, 11-cv-0930 JB/GBW, [Doc. 42] at 4–5 (D.N.M. Feb. 27, 2014) (referral judge's recommendation); *see Padilla v. Colvin*, 12-cv-0330 LH/LFG, [Doc. 43] at 3 (D.N.M. Oct. 22, 2013) ("[T]he Court is concerned that counsel is billing an hourly rate for attorney time when some of the administrative tasks should have been billed at a paralegal rate."). Despite these decisions, and despite the authorities they cite, Ms. López continues to argue that she is entitled to an attorney rate for clerical work and fails to advise the Court of the adverse authority on the subject. Ms. López is strongly admonished that her duty of candor and Fed. R. Civ. P. 11 must inform her future filings or she may face sanctions.

considered clerical work" and therefore is not compensable under EAJA.); *see Gatson v. Bowen*, 854 F.2d 379, 381 (10th Cir. 1988) (remanding EAJA-fees petition to district court to determine *inter alia* which billings are "clerical rather than legal"); *Champlin v. Colvin*, No. 12-cv-000425-RBJ, 2013 WL 3303636 at *3 (D. Colo. July 1, 2013) ("[I]n a petition for [EAJA] fees, an attorney cannot recover for paralegal time that is purely clerical work."); *White v. Barnhart*, No. 05-2856, 2006 U.S. Dist. LEXIS 59387, at *18 (E.D. Pa. Aug. 18, 2006) (holding that docketing, directing service and preparing client letters are clerical and, thus, disallowed under EAJA); *Sorenson v. Concannon*, 161 F. Supp. 2d. 1164, 1168–69 (D. Or. 2001) (reducing EAJA-fees request for work that was "purely clerical in nature"); *Gough v. Apfel*, 133 F. Supp. 2d 878, 881 (W.D. Va. 2001) ("Purely clerical activities, regardless of who performs them, are considered overhead and are not compensable as EAJA attorney fees.").

The Commissioner is correct. Ms. López has billed for clerical work that is not compensable under the EAJA. The question is not close. Plaintiff cites no authority, and the Court can find none, authorizing compensation under the EAJA for clerical work, much less authorizing compensation for clerical work at a full attorney rate. In fact, all of the authority that the Court could find supports the opposite position, i.e., that clerical work is not compensable under the EAJA at all. The Court finds that the following underlined bills submitted by Plaintiff's counsel, Ms. López, are for clerical work—not attorney work—and should be disallowed, as noted in the chart below, for a total reduction of 2.35 hours:

| | | | |
|---|---|---|---|
| 11/9/11 Finalize complaint, <u>prepare civil cover, IFP, ECF filing</u> . . . 1.0 [x $181/hr] | | -0.25 | -$45.25 |
| . . . | | | |
| 3/-/12   <u>Prepare and submit Summons</u> . . . . . . . . . . . . . . . . . . . . . . . 0.5 [x $184/hr] | | -0.5 | -$92.00 |
| 3/15/12 <u>Download issued summons, prepare for SOP</u> .. . . . . . . . . . . 0.2 [x $184/hr] | | -0.2 | -$36.80 |
| 3/16/12 <u>Download issued summons, prepare for SOP</u> .. . . . . . . . . . . . 0.2 [x $184/hr] | | -0.2 | -$36.80 |
| 3/19/12 <u>Download issued summons, prepare for SOP</u> .. . . . . . . . . . . . . 0.2 [x $184/hr ] | | -0.2 | -$36.80 |
| . . . | | | |
| 5/23/12 <u>Download, organize</u> and review transcript . . . . . . . . . . . . .. . . . . 1.0 [x $184/hr] | | -0.25 | -$46.00 |
| . . . | | | |
| 10/17/12 Finalize brief, write Motion for Remand, <u>file ECF</u> .. . . . . . . . . 4.0 [x $184/hr] | | -0.25 | -$46.00 |
| . . . | | | |
| 1/14/13 Finalize and <u>file reply brief</u> .. . . . . . . . . . . . . . . . . . . . . . . . . . 2.5 [x $185/hr] | | -0.25 | -$46.25 |
| 1/14/13 Rev file, <u>prepare and file notice of completion of briefing</u> . . . 0.25 [x $185/hr] | | -0.25 | -$46.25 |
| **TOTAL REDUCTION FOR CLERICAL WORK** | | **-2.35** | **-$432.15** |

B.      Reasonable Fees

The EAJA authorizes courts to award "reasonable" attorney's fees. *Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 968 (D.C. Cir. 2004). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. The applicant bears the burden of establishing entitlement to an attorney-fee award, documenting the appropriate hours expended, and showing that the hours are reasonable. *See Hensley*, 461 U.S. at 433. Essentially, this means that the applicant must "prove and establish the reasonableness of each dollar, each hour, above zero." *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995) (internal quotation marks omitted) (interpreting attorney-fees requests under § 1988).

6

1. Hourly Rate

Plaintiff seeks fees at hourly rates ranging from $181 to $185. [Doc. 37-1] at 4. The Commissioner does not object to the requested hourly rate. *See* [Doc. 38]. Having presided over numerous appeals of disability cases, I find that the requested hourly rates are reasonable.

2. Hours Expended

The Court looks next to the number of hours expended on the case to determine if the fee request is reasonable. Here, Romero's attorney requests payment for 52.55 hours of work, multiplied by the applicable hourly rate, for a total award of $9,675.95. Of the 52.55 hours requested, 37.1 hours were for research and drafting Plaintiff's brief-in-chief (19.1 hours) and the Reply brief (18 hours). [Doc. 37-1] at 2–3.

"In awarding fees under the EAJA, [courts] have a special responsibility to ensure that taxpayers are required to reimburse prevailing parties for only those fees and expenses actually needed to achieve the favorable result." *Role Models Am.*, 353 F.3d at 975. The Tenth Circuit recognizes that attorneys typically do not bill a client for every hour expended in litigation, and they should exercise "billing judgment" regarding the amount of hours actually billed. *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1202 (10th Cir. 1998) (citing *Hensley*, 461 U.S. at 437). To show appropriate billing judgment, an attorney should make a good-faith effort to exclude those hours from the request that are excessive, redundant, or otherwise unnecessary. *Id.* The Court has a corresponding obligation to exclude hours "not reasonably expended" from the calculation. *Id.*

My initial impression of the number of hours expended (52.55) was that they seemed excessive. This impression was reinforced by Plaintiff's Reply brief [Doc. 41] in which Plaintiff's counsel listed a sampling of attorney fees she had been awarded in Social Security Administration ("SSA") appeals.[4] The average of those awards was approximately $6,630, well below the amount requested in this case. Plus, the average was skewed by one large award ($9,522) in *Rodriguez v. Astrue*, No. 12-cv-0272 ACT [Doc. 26] (D.N.M. Nov. 28, 2011). If the *Rodriguez* case is excluded from the sampling, the average award comes to only $5,908, or 61% of the amount requested in this case.

Of course, some of the difference can be explained by lower hourly rates for some of the sample awards. So I looked instead at the number of hours expended in each of those cases. The average number of hours expended came to 39.85, or 76% of the number of hours expended in this case. But again, the average was skewed by the *Rodriguez* case, in which 51.75 hours were requested. If that case is excluded, the average drops to 36.87 hours, or 70% of the hours requested here. That made me ponder, what was it about this case and the *Rodriguez* case that called for so much more work?

*Rodriguez* was, in fact, an unusual case. First, it was a cessation case, and not a simple denial case. No. 12-cv-0272 ACT [Doc. 22] (D.N.M. Sept. 12, 2013). Second, the presiding judge in that case, the Honorable Alan C. Torgerson, remanded the case on due process

---

[4] Plaintiff's counsel was awarded: $9,522 for 51.75 hours of work in *Rodriguez v. Astrue*, No. 12-cv-0272 ACT [Doc. 26] (D.N.M. Nov. 28, 2011); $6,831.40 for 43.5 hours of work in *Barela v. Astrue*, No. 09-cv-0259 LAM [Doc. 18] (D.N.M. May 26, 2010); $5,061 for 29.6 hours of work in *Rizo v. Astrue*, No. 09-cv-0928 DJS [Doc. 23] (D.N.M. Sept. 2, 2010); $6,021.70 for 40.95 hours of work in *Valdez v. Astrue*, No. 10-cv-0493 ACT [Doc. 22] (D.N.M. May 23, 2011); $5,719.95 for 33.45 hours of work in *Benavidez v. Astrue*, No. 11-cv-0839 BB-KBM (D.N.M. Oct. 3, 2012).

grounds. *Id.* He found that although the claimant had received fair notice of his hearing before an ALJ, the ALJ later applied regulatory and legal standards different from those stated in the notice Plaintiff had received. *Id.* at 16. Thus, the issues in that case, if not novel, were at least unusual. It makes sense, therefore, that the attorney would have to expend an unusual number of hours researching and briefing that case.

But such is not the case here. In this case, the Court's decision to remand was based on a finding that the ALJ had failed to apply the correct legal standard in evaluating the opinion of a treating physician. *See* [Doc. 31] at 6–9. Plaintiff's counsel properly raised this issue in her brief. *See* [Doc. 23] at 9–11. However, there was nothing novel or complex about this issue. Indeed, it has been my experience that this is one of the most common reasons why SSA cases are remanded. Plaintiff's counsel addressed and argued the issue in two pages of her brief-in-chief. *Id.* Although she addressed the issue again in her Reply, [Doc. 23] at 7–11, she raised no new or novel arguments not raised in the brief-in-chief. The remainder of Plaintiff's briefing was either totally lacking in merit or, at best, not useful to the Court in reaching its decision.

The Commissioner argues that the 37.1 hours Plaintiff's counsel expended on researching and drafting the brief-in-chief and reply brief were excessive, [Doc. 38] at 3–8, and I agree.[5] I will recommend that the presiding judge reduce the number of hours allowed for the

---

[5] In her Reply to the first fees motion, [Doc. 41], after gratuitously commenting upon what she believed to be defense counsel's employment compensation and benefits, Plaintiff's counsel states, "[Defense counsel] appears not to understand the nature of keeping time and billing by the hour, nor the nature of work done by private lawyers." [Doc. 41] at 3. The Court offers two observations. First, the fact that the Court—with 29 years of experience as an insurance defense attorney—agrees with defense counsel says something about the level of defense counsel's understanding of billable hours. Second, while the Court respects counsel's 37 years of

brief-in-chief to 12, and the number of hours for the reply brief to 6. This would reduce the award by $3,526.40.

Plaintiff's counsel also filed a second motion requesting an additional $878.75 for 4.75 hours of work in replying to the first EAJA-fees motion and in preparing the second fees motion. [Doc. 42-1] at 1. However, much of her second motion comprises an argument that she be compensated for clerical work. The law on that issue is clear. I find, therefore, that the 4.75 hours for the second fees motion is excessive and will recommend that the presiding judge award 2.0 hours for that motion.

### III.   Conclusion

I find that after the above reductions for clerical work and excessive hours, the remaining balance of hours, 31.1, requested in the original motion, and an additional 2.0 hours requested in the second motion are reasonable. In total, I recommend that Plaintiff be awarded $6,087.40 for 33.1 hours of reasonable attorney work.

**IT IS THEREFORE RESPECTFULLY RECOMMENDED** that Plaintiff's Potentially Opposed Motion for E.A.J.A. Award of Attorney's Fees [Doc. 37] be **GRANTED IN PART and DENIED IN PART**. Plaintiff Gilbert Romero should be authorized to receive $5,717.40 for payment to his attorney for services before this Court, as permitted by the Equal Access to Justice Act, 28 U.S.C. § 2412, and in accordance with *Manning v. Astrue*, 510 F.3d 1246, 1255 (10th Cir. 2007).

---

experience, the Court would expect any attorney with that much experience to know that ad hominen attacks are offensive and have no place in a legal brief.

**IT IS FURTHER RECOMMENDED** that Plaintiff's Second Potentially Opposed Motion for E.A.J.A. Award of Attorney's Fees [Doc. 42] be **GRANTED IN PART and DENIED IN PART**.  Plaintiff Gilbert Romero should be authorized to receive $370 for payment to his attorney for services before this Court, as permitted by the Equal Access to Justice Act, 28 U.S.C. § 2412, and in accordance with *Manning*, 510 F.3d at 1255.

**IT IS FURTHER RECOMMENDED** that if Plaintiff's counsel is ultimately granted attorney fees pursuant to 42 U.S.C. § 406(b) of the Social Security Act, counsel shall refund the smaller award to Plaintiff pursuant to *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refun[d] to the claimant the amount of the smaller fee.") (internal quotation marks omitted).

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**